IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-F-02-5333 REC |
|---|---|---|
| | ) | |
| | ) | RULING FOLLOWING NINTH |
| | ) | CIRCUIT REMAND PURSUANT TO |
| Plaintiff, | ) | <u>UNITED STATES V. AMELINE</u> |
| | ) | THAT COURT WOULD NOT HAVE |
| vs. | ) | IMPOSED A MATERIALLY |
| | ) | DIFFERENT SENTENCE |
| | ) | |
| JUAN ANTONIO CHAVEZ-REGALADO, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Juan Antonio Chavez-Regalado was charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. After unsuccessfully moving to dismiss the Indictment, defendant pleaded guilty pursuant to a written plea agreement. The Presentence Report (PSR) recommended a sentence of 57 months. The United States had a fast track policy where twice deported defendants, without regard to their criminal history, could plead to a misdemeanor count carrying a six month sentence and one felony count for a second entry, carrying a maximum 24 month sentence, for a total of 30 months. However,

1

because defendant had only illegally entered the United States once, he could not take advantage of this policy.  The court downwardly departed because of this anomaly, reducing the sentence to 30 months.  The court also denied defendant's request for a further departure based on his cultural assimilation based on the facts that defendant had resided in the United States since the age of 12, attended U.S. schools, and had a wife and children who are American citizens.  The court impliedly adopted the recommendation in the PSR against a downward departure for cultural assimilation because of defendant's record of criminal convictions, two of which (for narcotics distribution) were sustained after defendant illegally returned to the United States following his deportation.  The court declined defendant's request that his federal sentence run concurrent with the state sentence defendant was serving.  Defendant was sentenced on September 22, 2003 to 30 months imprisonment and 36 months of supervised release.  Defendant appealed to the Ninth Circuit. The Ninth Circuit affirmed defendant's conviction, but further held:

> The district court sentenced the defendant properly under the mandatory United States Sentencing Guidelines in 2003.  He argued in his petition for rehearing that he must be resentenced because the district court enhanced his sentence based on facts found by a judge, not a jury, in violation of Blakely v. Washington ... He also requested relief under the discretionary sentencing guidelines pursuant to the Supreme Court's resolution of United States v. Booker ... We deferred decision on his petition for rehearing until this Circuit's decision in United States v.

2

> Ameline ... Consistent with this Circuit's approach post-Booker, we agree that the district court should determine whether 'the sentence imposed would have differed materially if the district court judge were applying the Guidelines as advisory rather than mandatory ....' ....

In United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005), the Ninth Circuit addressed how to apply United States v. Booker, __ U.S. ___, 125 S.Ct. 738 (2005), when the Booker error was not preserved for appeal.

In Booker, the Supreme Court struck down the Sentencing Guidelines to the extent that the Sentencing Reform Act mandated the imposition of sentences predicated on facts not found by the jury or admitted by the defendant, an outcome following from the conclusion that the Sixth Amendment precludes a judge from enhancing a sentence based on extra-verdict findings (other than the fact of prior conviction) in a mandatory sentencing regime. 125 S.Ct. At 748-749.  The Supreme Court remedied the Sixth Amendment infirmity in the Sentencing Guidelines by making the Guidelines effectively advisory.  The remedial portion of Booker agreed that "without this provision - namely the provision that makes 'the relevant sentencing rules mandatory and imposes binding requirements on all sentencing judges' - the statute falls outside the scope' of the Sixth Amendment's jury trial requirement.  125 S.Ct. At 764.  Rather than engraft a jury trial requirement onto the mandatory sentencing guideline system, Booker severed from the Sentencing Reform Act of 1984 "the provision that requires sentencing courts to impose a sentence

3

within the applicable Guidelines range (in the absence of circumstances that justify a departure) and the provision that sets forth standards of review on appeal, including <u>de novo</u> review of departures from the applicable Guidelines range.' <u>Id</u>. Although the Sentencing Guidelines are now advisory,

> the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals. See 18 U.S.C. § 3553(a) (Supp. 2004). The Act nonetheless requires judges to consider the Guidelines 'sentencing range established for ... the applicable category of defendant,' § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) (main ed. and Supp.2004). And the Act nonetheless requires judges to impose sentences that reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care. § 3553(a)(2) (main ed. and Supp.2004) ....

<u>Booker</u>, 125 S.Ct. at 764-765.

The Ninth Circuit in <u>Ameline</u> noted that it is "crucial" to appreciate the distinction drawn by the Supreme Court:

> Standing alone, judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial. A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system.

<u>Ameline</u>, 409 F.3d at 1077-1078.  <u>Ameline</u> addressed the procedure to be followed by the Ninth Circuit and, ultimately, the district court, when faced with an unpreserved <u>Booker</u> error:

> If an eligible party seeks resentencing under Booker/Fanfan, we will then engage in the plain error analysis described in this opinion. If that analysis leads the panel to the same dead end that we reach here, where it is not possible to reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we will remand to the sentencing court to answer that question.
>
> In answering the question we pose, the district court need not determine or express what the sentence would have been in an advisory system. It is enough that the sentence would have been materially different. We agree with the Second Circuit that the 'views of counsel, at least in writing,' should be obtained. ....
>
> If the district court determines that the sentence imposed would not have differed materially had he been aware that the Guidelines were advisory, the district court judge should place on the record a decision not to resentence, with an appropriate explanation. A party wishing to appeal the order may file a notice of appeal as provided in Fed.R.App. P 4(b).
>
> If the district court determines that the sentence imposed would have differed materially if the district court judge were applying the Guidelines as advisory rather than mandatory, the error was prejudicial, and the failure to notice the error would seriously affect the integrity, fairness and public reputation of the proceedings. In such a case, the original sentence will be vacated and the district court will resentence with the defendant present. In resentencing the defendant, the district court is permitted to take a fresh look at the relevant facts and the Guidelines consistent with Booker, the Sentencing Reform Act of 1984, Rule 32 of the Federal Rules of Criminal Procedure, and this opinion ... In either case, the defendant and the government have the right to appeal to this court the district court's decision, including a

5

challenge to the sentence based on the reasonableness standard established in <u>Booker</u>. ....

409 F.3d at 1084-1085.

Counsel for the parties appeared on October 31 for a status conference regarding this remand. The court ordered the parties to file briefs pursuant to <u>Ameline</u> and to appear for argument on November 21.[1]

Based on the record in this action, including the PSR, defendant's objections to the PSR, the Probation Office's reply thereto, the transcript of sentencing, the parties' briefs concerning the <u>Ameline</u> remand, oral argument on November 21, the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), the court concludes that defendant's sentence would not have been materially different had the court known at the time of defendant's sentencing that the Sentencing Guidelines were

---

[1] Defendant was not personally present at the hearing on October 31. Although the United States argued that defendant's presence was not necessary because the initial aspect of the remand involved resolution of a question of law, <u>see discussion infra</u>, the court ordered defendant to appear. A writ was issued for defendant's appearance. However, the United States repeats its contention that defendant's presence is not required for the court to determine whether, under <u>Ameline</u>, the court would have imposed a materially different sentence had the court been aware that the Sentencing Guidelines were advisory. The court agrees with the United States. Rule 43(b)(3), Federal Rules of Criminal Procedure, provides that a defendant's presence is not required if "[t]he proceeding involves only a conference or hearing on a question of law." Decisions hold that a defendant's presence is not required for the initial determination whether the sentence would have been materially different. <u>See</u> <u>United States v. Crosby</u>, 397 F.3d 103, 120 (2nd Cir. 2005); <u>United States v. Paladino</u>, 401 F.3d 471, 484 (7th Cir. 2005); <u>United States v. Coles</u>, 403 F.3d 764, 770 (D.C.Cir. 2005).

advisory.  At the time sentence was imposed, the court did not impose the sentence recommended under the Sentencing Guidelines.  Rather, the court substantially reduced the term of imprisonment because an anomaly in the "fast track" sentencing policy of the United States resulted in an unfair application of the Sentencing Guidelines.  However, the court would not have considered any further reduction in defendant's sentence because of his cultural assimilation, family ties or anticipated deportation because of defendant's criminal background, which included the commission of two narcotics felonies after petitioner illegally returned to the United States.  The court also would not have considered making defendant's sentence in this federal criminal action concurrent to the sentences imposed by the state court.  The court substantially reduced defendant's sentence because of the "fast track" anomaly discussed above.  Making defendant's federal sentence concurrent with the state sentences would have given defendant would have resulted in essentially no punishment for defendant's illegal re-entry into the United States.

ACCORDINGLY:

1.  For the reasons set forth herein, the court concludes that it would not have imposed a materially different sentence if the court had known at the time sentence was imposed that the Sentencing Guidelines are advisory.

IT IS SO ORDERED.

Dated: **November 21, 2005**           **/s/ Robert E. Coyle**
668554                                 UNITED STATES DISTRICT JUDGE